IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**THOMAS MILLS**                                                                                        **PLAINTIFFS**

**VERSUS**                                        **CIVIL ACTION NO. 2:23-CV-206-HSO-BWR**

**DARRELL "DJ" DYE;**
**PERRY COUNTY, MISSISSIPPI;**
**MITCH NOBLES; ALAN CROCKER; and**
**JOHN DOE OFFICERS 1-8;**
**JOHN DOE ENTITIES 1-5**                                                                     **DEFENDANTS**

## MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW Plaintiff, by and through counsel, and files this, his Motion for Leave to Amend Complaint and would show unto this Honorable Court the following, to-wit:

1. The original Complaint was filed on June 10, 2023 in the Circuit Court of Forrest County, Mississippi. The Defendants removed the matter to federal court.

2. When the Complaint was originally filed, the Plaintiff did not have access to the Defendants' records, statements, or testimony of employees in Perry County.

3. The incidents giving rise to this litigation occurred just over a year ago.

4. To date, the Plaintiff has not yet received Interrogatory responses from Perry County in discovery. Multiple depositions are still to be taken, including all Defendants and several witnesses.

5. In discovery, the Plaintiff has learned that the Defendants' claimed basis for the use of force and pepper is not supported by records or testimony of witnesses.

6. On August 14, 2024 Plaintiff deposed Beatrice Wheat (jailer) and Renee Blake (court clerk), while others were supposed to be deposed but were postponed.

1

Those transcripts are still outstanding, but Ms. Wheat testified that the Plaintiff was not bothering her or anyone else when officers showed up to pepper spray Plaintiff and eventually assault Mills. Ms .Wheat testified that Plaintiff was not being combative or disruptive, although he was hallucinating.

7. Ms. Blake testified that jailer Jerry Elliott would brag about using OC/pepper spray to spray inmates on a regular basis.

8. The videos provided by the County show that after pepper spray was used, Plaintiff was forced to sit in his cell, after exposure to pepper spray, for 10-20 minutes before being allowed to decontaminate. According to an expert Plaintiff is prepared to retain, the County's process and procedures for using pepper spray in this manner is not only improper, but cruel and unusual punishment.

9. In addition, undersigned counsel was recently able to speak with Trustee Quinn Moye who was present when Plaintiff was sprayed and assaulted. Moye was able to confirm that the Perry County jail routinely uses pepper spray on inmates who are compliant but may otherwise be seen as irritating to the jailers.

10. None of the information relied upon in making the Amended Complaint was available to Plaintiff, especially wherein Plaintiff cannot recall the events that led to his hospitalization.

11. Based upon the testimony obtained thus far in discovery, the information provided in Perry County's reports and in press releases is wholly lacking in credibility.

12. Federal Rule of Civil Procedure 15 provides that leave to amend should be granted "when justice so requires," Fed. R. Civ. P. 15(a)(2).

13. Rule 15(a) "evinces a bias in favor of granting leave [to amend]," when justice so

requires. *Chitimacha Tribe of Louisiana v. Harry L. Laws Co. Inc.*, 690 F.2d 1157, 1163 (5th Cir.1982), cert. denied, 464 U.S. 814 (1983). A decision to grant leave is within the discretion of the court, although if the court "lacks a 'substantial reason' to deny leave, its discretion 'is not broad enough to permit denial.' " *See e.g., Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985) ("[A]an amended complaint ordinarily supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.") (*citing Wilson v. First Houston Inv. Corp.*, 566 F.2d 1235, 1237–38 (Former 5th Cir.1978), vacated on other grounds, 444 U.S. 959 (1979)).

14. In exercising its discretion a court may consider such factors as " 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.' " *Whitaker*, 963 F.2d at 836 (*quoting Foman v. Davis,* 371 U.S. 178, 182 (1962)).

15. Plaintiff respectfully submits that this request for leave is not interposed for delay, but rather to seek the interests of justice for Plaintiff and no party will be unduly prejudiced by the amendment.

16. Plaintiff's Amended Complaint clarifies and provides more individual factual support for Plaintiff's claims under the 14th Amendment, facts unknown until the parties engaged in discovery. Plaintiff's Proposed Amended Complaint is attached as **Exhibit A**. Plaintiff could not have known a majority these facts and information prior to the parties engaging in discovery.

17. The Amended Complaint adds Jerry Elliott as an individual Defendant based upon the testimony that he bragged about spraying inmates and forced the Plaintiff to sit in the cell, covered in pepper spray for an extended period of time.

18. Further, discovery has made it evident that Perry County had a custom and policy of using UC/Pepper spray as a punishment and torture, instead of a means to gain compliance from inmates.

19. Justice requires that the Plaintiff be permitted leave to file this proposed Amended Complaint.

20. The filing of the Amended Complaint will necessitate an updated expert designation deadline for the pepper spray. Plaintiff has already requested copies of the invoices and receipts from the County regarding the spray, as Plaintiff's expert will need specific information about the spray used by the County in finalizing his opinions. So long as the records are provided in a timely manner, there should be no need for an extended period of time to designate.

21. Given the straightforward nature of the request, Plaintiff request that he be relieved from filing any memorandum in support of the request.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that this Court make and enter its Order granting this Motion for Leave to Amend and permit Plaintiff to amend

his Complaint herein within 14 days of entry of an Order by the Court.

  This the 20th day of August, 2024.

                Respectfully submitted,

                 */s/Daniel M. Waide*
                DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 Hardy St.
PO Box 17738
Hattiesburg, MS 39404
601-582-4553 (Office)
601-582-4556 (Fax)
dwaide@jhrlaw.net

## **CERTIFICATE OF SERVICE**

      I, Daniel M. Waide, do hereby certify that I electronically filed the foregoing with the Clerk of court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 20th day of August, 2024.

                                                        /s/ Daniel M. Waide
                                         DANIEL M. WAIDE, MSB #103543

Daniel M. Waide, (MSB#103543)
Johnson, Ratliff & Waide, PLLC
1300 HARDY ST.
PO BOX 17738
HATTIESBURG, MS 39404
601-582-4553 (OFFICE)
601-582-4556 (FAX)
dwaide@jhrlaw.net

5